# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed:  November 19, 2020

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |
| GLORIA MANETTA, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 18-172V |
| | \* | Special Master Gowen |
| v. | \* | |
| | \* | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioners.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On August 12, 2020, Gloria Manetta ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 56). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$37,600.10**.

I.    **Procedural History**

On February 2, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a pneumococcal conjugate vaccine on June 23, 2015, she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). *See* Petition (ECF No. 1). On May 9, 2020, the parties filed a stipulation, which I adopted as my Decision awarding compensation on the same day. (ECF No. 51).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 12, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorneys at Conway, Homer, P.C. in the total amount of $37,406.71, representing $32,720.30 in attorneys' fees and $4,686.41 in costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner warrants she has personally incurred costs of $403.29 in pursuit of her claim. *Id.* at 2. Respondent reacted to the fees motion on August 19, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 58). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.   **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   a.   **Attorneys' Fees**

I have reviewed the rates requested by Petitioner for the work of her counsel at Conway, Homer, P.C. (the billing records reflect that the majority of attorney work was performed by Ms. Christina Ciampolillo, with supporting work done by Mr. Ronald Homer, Ms. Meredith Daniels, Mr. Joseph Pepper, Ms. Lauren Faga, and Mr. Patrick Kelly) and I find the rates requested herein to be consistent with what these attorneys have previously been awarded for their Vaccine Program work and reasonable in light for the work performed in this case.

Turning next to the billed hours, I have reviewed the submitted billing entries and find that the hours billed are largely reasonable. However, a small amount must be reduced for attorney time billed for review of status reports and other routine filings prepared by other attorneys. It is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were

2

prepared (and billed for) by another attorney. To offset these issues, the undersigned finds a reduction of $209.90 to be appropriate in this case. Accordingly, petitioner is awarded final attorneys' fees of $32,510.40.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $4,686.41. This amount is comprised of acquiring medical records, postage, photocopies, and travel costs associated with counsel visiting Petitioner. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner states that she has personally incurred costs of $403.29 related to her case. ECF No. 57. This amount is comprised of postage and the Court's filing fee. Petitioner has provided adequate documentation to support the costs and all appear to be reasonable. Therefore, Petitioner shall be fully reimbursed.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $32,720.30 |
| (Reduction of Fees) | - (209.90) |
| **Total Attorneys' Fees Awarded** | **$32,510.40** |
| | |
| Attorneys' Costs Requested | $4,686.41 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$4,686.41** |
| | |
| **Total Attorneys' Fees and Costs** | **$37,196.81** |
| | |
| **Petitioner's Costs** | **$403.29** |
| | |
| **Total Amount Awarded** | **$37,600.10** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $37,196.81, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Ronald Homer;[3] and**

2) **a lump sum in the amount of $403.29, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).